UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEVEN LEVINE, Individually,

        Plaintiff,

vs.                                         Case No.: 4:23-cv-10097

THEATER OF THE SEA, INC., a Florida
Corporation, and BAHIA SHORES INC., a
Florida Corporation,

        Defendant.

_____/

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff STEVEN LEVINE, Individually, on his own behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, THEATER OF THE SEA, INC., a Florida Corporation, and BAHIA SHORES INC., a Florida Corporation, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. (ADA).

## COUNT I

1. Defendants' property the Theater of the Sea is located at 84721 Overseas Hwy, Islamorada, FL (hereinafter referred to as the "property", "Defendant's property" or "subject property").

2. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

4. Plaintiff Steven Levine is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

5. Ms. Levine suffered barotrauma as a result of a diving trip in 2001, and became an incomplete quadriplegic as a result. He has paralysis to both sides of his body, through his left side is more affected than his right, and his upper extremities work better than his lower ones.

6. Mr. Levine cannot ambulate on his own, has difficulty standing from a seated position, and uses a Segway for any ambulation longer than just a few feet (Mr. Levine can ambulate with a walker for very short distances such as around his home).

7. Mr. Levine lives in Key Largo, Florida, and his home is approximately 20 miles from the Theater of the Sea. Mr. Levine has been to the Theater of the Sea numerous times with his family (including his 14 year old daughter), and had previously held an annual pass to the property. Mr. Levine used his Segway device to ambulate at the property on all such prior visits.

8. On October 6, 2023, Mr. Levine arrived at the Theater of the Sea and purchased 4 tickets for himself, his brother, and their wives. However, Mr. Levine was subsequently denied entry to the property based upon his use of his Segway (his payment of $185.60 was refunded).

9. Additionally, during his prior visits during which he was granted access with his Segway, he encountered numerous architectural barriers at the subject property which impaired his use of the facility and the amenities offered, and have endangered his safety therein.

10. Mr. Levine has plans to return to the subject property as soon the property's facility and procedures are corrected, and the property made fully accessible to him.

11. Defendant THEATER OF THE SEA, INC., a Florida Corporation, owns, leases,

leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

12. The place of public accommodation that the Defendant THEATER OF THE SEA, INC. owns, leases, leases to, or operates is the Theater of the Sea located at 84721 Overseas Hwy, Islamorada, FL 33036-3410.

13. Defendant BAHIA SHORES INC., a Florida Corporation, owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

14. The place of public accommodation that the Defendant BAHIA SHORES INC. owns, leases, leases to, or operates the Theater of the Sea located at 84721 Overseas Hwy, Islamorada, FL 33036-3410.

15. Steven Levine has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the subject property as described but not necessarily limited to the allegations set forth in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

16. Steven Levine has visited the subject property and desires to visit the subject property again in the near future, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the subject property without fear of discrimination.

17. The Defendants have discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services,

facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 et seq.

18. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

19. A preliminary inspection of the subject property has shown that violations exist.

20. The violations that the Plaintiff has personally observed and/or encountered on his visits, and which have been verified, are set forth in the following paragraphs.

21. The property does not have proper procedures in place to allow for access to the facility by disabled individuals using a Segway.

22. Specifically, on October 6, 2023, the subject property's employees apparently did not know that the use of a Segway by the Plaintiff herein is a valid mobility aid pursuant to the Americans with Disabilities Act.

23. By denying Mr. Levine access to the property with his Segway, the property employees denied access to the Plaintiff based upon his disability pursuant to the Americans with Disabilities Act. See Baughman v. Walt Disney, 653 F.3d at 1136 (4th Cir. 2019).

24. The subject property did not have a sufficient number of accessible parking spaces.

25. The property only has 4 accessible parking spaces.

26. The property has over 100 non-accessible parking spaces.

27. Same is a violation of the 2010 ADA Standards section 208.2, whose resolution is readily achievable.

28. The subject property did not have any van accessible parking spaces.

29. Same is a violation of the 2010 ADA Standards section 502.2, whose resolution is readily achievable.

30. The striping for the property's accessible parking spaces was dilapidated and faded.

31. Same is a violation of the 2010 ADA Standards section 502.3.3, whose resolution is readily achievable.

32. The accessible parking spaces' aisles at the subject property do not adjoin an accessible route to the rest of the property.

33. Same is a violation of the 2010 ADA Standards section 502.3, whose resolution is readily achievable.

34. There is a threshold at the entrance to the property which contains a vertical change in level in excess of ¼ inch (or ½ inch if beveled).

35. Same is a violation of the 2010 ADA Standards section 302.2, whose resolution is readily achievable.

36. There are paths of travel within the subject property which are not properly maintained, and contain multiple unbeveled changes in level in excess of ¼ inch.

37. Same is a violation of the 2010 ADA Standards section 302.2, whose resolution is readily achievable.

38. There are paths of travel with the subject property that contain slopes in excess of 1:20.

39. Same is a violation of the 2010 ADA Standards section 403.3, whose resolution is readily achievable.

40. There are paths of travel with the subject property that contain cross-slopes in excess of 1:48.

41. Same is a violation of the 2010 ADA Standards section 403.3, whose resolution is readily achievable.

42. The men's restroom at the subject property contained an unbeveled threshold at its entrance greater than ¼ inch.

43. Same is a violation of the 2010 ADA Standards section 302.2, whose resolution is readily achievable.

44. The bottom edge of the reflecting surface of the mirror in the property's men's room was mounted in excess of 40 inches high.

45. Same is a violation of the 2010 ADA Standards section 603.3 whose resolution is readily achievable.

46. The pipes beneath the sinks in the property's men's restroom are exposed and not insulated.

47. Same is a violation of the 2010 ADA Standards section 606.5, whose resolution is readily achievable.

48. The paper towel dispenser's operable parts in the property's men's restroom were mounted in excess of 48 inches high.

49. Same is a violation of the 2010 ADA Standards section 308, whose resolution is readily achievable.

50. The accessible toilet in the property's men's restroom has only one grab bar mounted on the side wall, and no grab bar mounted on the rear wall.

51. Same is a violation of the 2010 ADA Standards section 604.5, whose resolution is readily achievable.

52. There is not 56x60 inches of clear floor space around the accessible toilet in the

subject property's men's restroom.

53. Same is a violation of the 2010 ADA Standards section 604.3.1, whose resolution is readily achievable.

54. The flush control on the accessible toilet in the property's men's restroom has a flush control that is not located on the open side of the toilet.

55. Same is a violation of the 2010 ADA Standards section 604.6, whose resolution is readily achievable.

56. There is not a door pull on both sides of the accessible toilet's stall in the property's men's restroom.

57. Same is a violation of the 2010 ADA Standards section 402.2.7 and 604.8.2.2, whose resolution is readily achievable.

58. There is no accessible seating at the property's restaurant, Papa's Grill.

59. Same is a violation of the 2010 ADA Standards section 226.1, whose resolution is readily achievable.

60. The service counter at the property's Papa's Grill restaurant is in excess of 38 inches high.

61. Same is a violation of the 2010 ADA Standards section 227 and 904, whose resolution is readily achievable.

62. The service counter at the property's Beach area restaurant is in excess of 38 inches high.

63. Same is a violation of the 2010 ADA Standards section 227 and 904, whose resolution is readily achievable.

64. There is no accessible seating at the property's Beach area restaurant.

65. Same is a violation of the 2010 ADA Standards section 226.1, whose resolution is readily achievable.

66. The Americans with Disability Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act. This facility does not meet with all of these Standards, whose remedy is readily achievable.

67. A more detailed report should be completed after an appointment with the property owner or management. There may be other violations of the Americans with Disabilities Act that may be revealed following this inspection, including violations to the property's ladies' restroom which was not seen by the Plaintiff herein.

68. The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

69. The discriminatory violations described in the foregoing paragraphs are not an exclusive list of the Defendant's ADA violations.

70. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access, particularly with regard to the accessible guest rooms, if any such exist.

71. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination,

injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

72. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. ' 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

73. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

74. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. ' 12205 and 28 CFR 36.505.

75. Defendants are required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to

Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

76. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

77. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject property to make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

    **WHEREFORE,** Plaintiff respectfully requests:

    a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

    b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and

usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendant to maintain its accessible features.

  c. An award of attorney=s fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

  d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated:  November 5, 2023   Respectfully submitted,

           */s/  Brandon Rotbart*
           Brandon A. Rotbart
           Florida Bar No: 124771
           LAW OFFICE OF BRANDON A. ROTBART, P.A.
           11098 Biscayne Blvd., Suite 401-18
           Miami, FL 33161
           Phone: (305) 350-7400
           rotbart@rotbartlaw.com

           *Counsel for Plaintiff Steven Levine*